NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

NOV 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR A. RODRIGUEZ,

         Petitioner - Appellant,

  v.

DERRAL G. ADAMS, Warden and
WARDEN, C.S.A.T.F.,

         Respondents - Appellees.

No. 12-15485

D.C. No. 4:04-cv-02233-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 9, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

    Salvador Rodriguez appeals the district court's judgment denying his

petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291

and 2253. We affirm in part and reverse in part.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     Rodriguez's first claim of ineffective assistance of trial counsel arises out of his attorney's alleged failure to investigate and present the testimony of Vonree Alberty and Kenneth Jackson, two potential exculpatory witnesses who were present during the incident that led to Rodriguez's second degree murder conviction.  This claim was presented in a supplemental traverse filed after the one-year deadline imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2244(d).  Rodriguez's original, timely-filed petition for habeas corpus alleged ineffective assistance of trial counsel based on his attorney's failure to investigate three other witnesses who were also present during the incident.

Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  The district court concluded that Rodriguez's newly-alleged claim of ineffective assistance of trial counsel satisfied this standard.  We agree.  The individuals identified in Rodriguez's original petition and supplemental traverse were all potential percipient witnesses who were present at the same underlying event.  Consequently, the rationale for why Rodriguez's counsel allegedly should have investigated those individuals prior to

trial and presented their testimony at trial share a common basis. The claim of ineffective assistance of trial counsel presented in Rodriguez's supplemental traverse does not therefore "assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Schneider v. McDaniel*, 674 F.3d 1144, 1150 (9th Cir. 2012) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)) (internal quotation mark omitted). As such, this claim relates back to the date of Rodriguez's original petition and is not barred by AEDPA's one-year statute of limitations.

2. The district court stayed Rodriguez's habeas petition to permit him to exhaust this newly-asserted claim in state court. The California Supreme Court denied the claim as untimely, citing *In re Robbins*, 959 P.2d 311 (Cal. 1998), and *In re Clark*, 855 P.2d 729 (Cal. 1993). The district court consequently deemed Rodriguez's claim to be procedurally defaulted. Additionally, the district court declined to excuse Rodriguez's default, finding that although "Rodriguez can likely demonstrate prejudice, he has not demonstrated sufficient cause."

On appeal, Rodriguez argues that his procedural default may be excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), a decision issued seven months after the district court rendered its decision on this claim. *Martinez* announced an equitable rule by which cause for excusing a procedurally-defaulted claim may be

found, inter alia, where a petitioner could not have raised the claim on direct review and was not appointed counsel on state collateral review.

> [A] federal habeas court [may] find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S. Ct. at 1318–1319, 1320–1321) (first two alterations added, last two alterations in original).

*Martinez* appears to offer Rodriguez a clear path for relief. First, Rodriguez lacked counsel during his state collateral proceeding.[1] Second, that proceeding

---

[1]Although Rodriguez errs in focusing on the alleged ineffectiveness of his appellate counsel for not proceeding to file a state habeas petition—rather than on his lack of counsel on collateral review—we do not find this error to be fatal to his claim. The State does not contest the fact that Rodriguez was only appointed counsel during his *federal* collateral proceeding, and not his state collateral proceeding. Therefore, we find this factor satisfied. *Cf. Hall v. City of Los Angeles*, 697 F.3d 1059, 1071 (9th Cir. 2012) ("We may consider an issue sua sponte if failure to do so would result in manifest injustice, or if the opposing party will not suffer prejudice."). Further, Rodriguez explicitly identified *Martinez* as a basis for relief and offered arguments regarding *Martinez*'s other three requirements. The State, moreover, specifically addressed Rodriguez's eligibility for *Martinez* relief under these three requirements in its answering brief.

likely constituted an "initial-review proceeding." *See Martinez,* 132 S. Ct. at 1315.

Third, California's "state procedural framework, by reason of its design and

operation, makes it highly unlikely in a typical case that a defendant will have a

meaningful opportunity to raise a claim of ineffective assistance of trial counsel on

direct appeal." *Trevino*, 133 S. Ct. at 1921; *see also People v. Lopez*, 175 P.3d 4,

12 (Cal. 2008) ("[E]xcept in those rare instances where there is no conceivable

tactical purpose for counsel's actions, claims of ineffective assistance of counsel

should be raised on habeas corpus, not on direct appeal."). We therefore remand to

the district court to consider two questions: whether Rodriguez can demonstrate

cause under *Martinez*, in light of this court's recent en banc decision in *Detrich v.*

*Ryan*, No. 08-99001, 2013 WL 4712729 (9th Cir. Sept. 3, 2013) (en banc), and

whether Rodriguez can demonstrate prejudice under *Coleman v. Thompson*, 501

U.S. 722 (1991).

3.      We reject Rodriguez's contention that his trial counsel was

prejudicially ineffective for failing to introduce at trial a transcript of Roy

Ramsey's preliminary hearing testimony. The district court correctly found that

the California Supreme Court did not unreasonably apply clearly established

federal law when it determined that the conduct of Rodriguez's trial counsel fell

within "the wide latitude counsel must have in making tactical decisions."

*Strickland v. Washington*, 466 U.S. 668, 689 (1984).  A review of Ramsey's preliminary hearing testimony reveals that it (1) contributed little to Rodriguez's theory of the case, (2) conflicted with portions of Rodriguez's own trial testimony, and (3) could have been significantly undermined through government impeachment of Ramsey.  The California Supreme Court thus reasonably rejected this claim of ineffective assistance of trial counsel.

The judgment of the district court is **AFFIRMED** in part and **REVERSED** in part and **REMANDED**.  Costs on appeal are awarded to Appellant.

*Rodriguez v. Adams*, No. 12-15485

N.R. SMITH, Circuit Judge, concurring in part and dissenting in part:

I agree that (1) Rodriguez's claim that his trial counsel was ineffective for failing to investigate and present as witnesses Vonree Alberty and Kenneth Jackson relates back to his original claim of ineffective assistance; (2) this claim is procedurally defaulted, because the California Supreme Court denied it on independent and adequate state grounds; and (3) the California Supreme Court did not unreasonably apply clearly established federal law when it denied Rodriguez's claim that his trial counsel was ineffective for failing to present Roy Ramsey's preliminary hearing transcript to the jury.

However, the majority errs in determining that Rodriguez has potentially shown cause for his procedural default based on his lack of counsel during his state habeas proceedings. At no point throughout this appeal has Rodriguez argued that filing his state habeas petition pro se shows cause to overcome the procedural default. Although Rodriguez made that argument in the district court, he has waived it on appeal by failing to "specifically and distinctly" make it in his opening brief. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Ignoring this most basic principle of judicial restraint, the majority remands based on an argument Rodriguez did not make on appeal and to which the government has not

-1-

had a chance to respond.

In order to have a federal court hear his procedurally defaulted claim, Rodriguez must show cause for the procedural default and prejudice.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Rodriguez asserted in the district court that his lack of counsel during his state habeas proceedings sufficed as cause for the procedural default.  However, Rodriguez abandoned that argument on appeal.  Instead, he argued in his opening brief that he can show cause because his state appellate counsel was ineffective.  He again made the same argument in his reply brief and at oral argument: his state appellate counsel had an obligation to raise the issue in state habeas proceedings, his state appellate counsel failed to do so, and this ineffective assistance shows cause for the procedural default.

Rodriguez's argument lacks merit.  He points to no case or statute that requires his state appellate counsel to raise a claim of ineffective assistance in a state habeas petition.  His appellate counsel could not have been ineffective for failing to fulfill an obligation she never had.  Having found Rodriguez's sole argument on appeal lacks merit, our inquiry into whether he can show cause for the procedural default should end.

Instead, the majority searches for an argument Rodriguez *could have made* that has merit.  In that search, the majority decides that Rodriguez is potentially

-2-

entitled to relief under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because he did not have counsel in his state habeas proceedings. While that might be so, Rodriguez did not make that argument on appeal. Rather than decide the case based on the arguments presented to us by the parties, the majority here resurrects an argument Rodriguez made in the district court but abandoned on appeal.

The majority justifies raising the argument sua sponte because "Rodriguez explicitly identified *Martinez* as a basis for relief." Mem. Dispo. at 4 n.1. However, Rodriguez cites to *Martinez* only in the context of his argument that the ineffectiveness of his appellate counsel is sufficient to show cause. Citing a case that supports an argument Rodriguez *could have made* is much different than *actually making* the argument. *See United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006) ("[I]ssues raised in a brief which are not supported by argument are deemed abandoned."). There is a reason why we require the parties to submit briefs rather than just tables of authorities.

The majority further justifies raising the argument by citing *Hall v. City of Los Angeles*, 697 F.3d 1059 (9th Cir. 2012), for the proposition that we can raise issues sua sponte "if failure to do so would result in manifest injustice, or if the opposing party will not suffer prejudice." *Id.* at 1071. However, the majority fails to explain how either of these exceptions to the waiver rule apply to the case at

-3-

hand.

Contrary to the majority's assertion, the waived argument does not offer Rodriguez a "clear path for relief," Mem. Dispo. at 4; at most it provides Rodriguez a clear path for remand. However, even if the majority were correct that the waived argument could provide Rodriguez relief, that does not mean our failure to raise it sua sponte would result in manifest injustice. If that were true, the exception would swallow the rule: Why would we ever sua sponte raise an argument that we thought was meritless? The manifest injustice exception requires more. *See, e.g.*, *Hall*, 697 F.3d at 1071 (applying the manifest injustice exception in the "extraordinary circumstances" of an innocent man enduring a "constitutionally questionable" interrogation, being convicted through the use of "patently false inculpatory evidence," and serving "19 years in state prison for a crime he did not commit"); *Ullah*, 976 F.2d at 514 (applying the manifest injustice exception where a conviction was based on a nonunanimous verdict, because such an error "is plain error" and the same error resulted in the co-defendant's conviction being reversed).

Furthermore, the government has not had the opportunity to address the majority's argument, which is precisely the type of prejudice we intend the waiver rule to prevent. *See Hall*, 697 F.3d at 1072 (finding appellees suffered no

prejudice, because "we provided the parties the opportunity to brief this issue");

*Alcaraz v. I.N.S.*, 384 F.3d 1150, 1161 (9th Cir. 2004) ("[T]he government is not

prejudiced by the Alcarazes' failure to raise the issue in their opening brief because

after oral argument we called for and received supplemental briefs by both parties

on the repapering issue."); *United States v. Gamma Tech Indus., Inc.*, 265 F.3d

917, 930 (9th Cir. 2001) (finding appellees were not prejudiced because although

the "issue was not mentioned until oral argument, all parties have since discussed it

and briefed it").

The government had no reason to address the majority's argument because,

as the government noted in its brief, Rodriguez abandoned the argument on appeal.

Imagine the government's surprise when it discovers the majority has remanded

based on the abandoned argument. Football players call that a "double reverse;"

we call it prejudice. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1176 (9th

Cir. 1996) ("We have discretion to consider improperly presented claims of error

*where the appellee is not misled* and the issue has been fully explored." (emphasis

added)).

Sua sponte raising an argument that we believe has merit can be tempting.

However, Rodriguez's counsel decided to abandon the argument on appeal that

Rodriguez proceeding pro se in his state collateral proceeding shows cause. In

-5-

light of the majority's disposition, Rodriguez's counsel made a mistake. Nevertheless, the majority errs in raising that argument on Rodriguez's behalf. *See Hartmann v. Prudential Ins. Co. of America*, 9 F.3d 1207, 1214 (7th Cir. 1993) ("[O]ur system . . . is not geared to having judges take over the function of lawyers, even when the result would be to rescue clients from their lawyers' mistakes."). I respectfully dissent.